## Kennedy *versus* Barnett.

1. If a justice maliciously or wantonly injure a party by excess in the execution of his power as a magistrate, the remedy is case.

2. When the act is an immediate wrong against all forms of law, trespass is the remedy : when the process is legal, but is used in an oppressive manner, the remedy is case.

3. A defendant against whom a justice had issued a warrant, entered bail before another justice and produced the certificate before the first, who notwithstanding, issued a commitment and ordered his removal to prison. *Held*, that the justice having jurisdiction in the proceedings, the remedy against him was case.

January 20th 1870. Before THOMPSON, C. J., READ, SHARSWOOD and WILLIAMS, JJ. AGNEW, J., at Nisi Prius.

Error to the Court of Common Pleas of *Schuylkill county:* No. 82, to January Term 1870.

This was an action of trespass by Patrick Kennedy against

Patrick D. Barnett.   The writ was issued November 23d 1865. The cause was tried October 1st 1869, before Ryon, P. J.

The evidence was that the plaintiff on the 4th of July 1865, was before Jacob Reed, Esq., prosecuting a complaint against certain persons for assault and battery, &c.   Whilst there he was informed by a constable that he held a warrant against him, issued by the defendant.   The plaintiff then entered bail, before Justice Reed, for his appearance at court, and received a certificate thereof from Justice Reed.   On his return from Justice Reed's office he was arrested by the constable and taken before the defendant.   He showed to defendant the certificate of Justice Reed that he had entered bail.   The defendant required him to proceed to a hearing.   The plaintiff offered to enter bail without hearing; this was refused by the justice.   A hearing was had and plaintiff was committed for trial, the defendant refusing to take bail.   As he was going to prison the defendant called the constable back, the prisoner was taken into the office, searched and a pistol taken from him.   He was committed to prison; the constable was by his side, and the defendant walked behind him with a pistol in his hand.   He asked for a drink of water; the defendant refused, and said he would shoot plaintiff if he turned to the right hand or the left.

The warrant of the defendant for the arrest of the plaintiff recited : " Whereas, complaint hath been made unto P. D. Barnett, Esquire, one of our justices of the peace for said county of Schuylkill, on affirmation of Dennis Kerwick of the town of Whitfield's Patch, that on the 4th day of July 1865, at the premises of the aforesaid plaintiff, Patrick Kennedy, of the same place, did commit an attempt of murder, by discharging a pistol and the ball passing into the side of the said Dennis Kerwick."

Justice Reed's certificate was as follows :—

" Commth.        ⎱
     *v.*            ⎰ For ass't and battery with intent to murder.
Patrick J. Kennedy. ⎭

Patrick J. Kennedy, Bd. $200
Thomas R. Reilly,    Bd. $200

as surety for the appearance at the next Court of Quarter Sessions.                                    J. REED, J. P.

I do certify that the above defendant was bound in recognisance before me, this 8th day of July 1865.       JACOB REED, J. P.

To Patrick D. Barnett, Esq."

Judge Ryon charged that trespass was not the proper form of action, and instructed the jury that the plaintiff could not recover. The verdict was for the defendant.

Plaintiff having removed the case to the Supreme Court, assigned the instruction of the court for error.

[Kennedy v. Barnett.]

*A. W. Schlach* and *L. Bartholomew*, for plaintiff in error.—A. judicial officer exceeding his authority is a trespasser: 2 Hilliard on Torts 173, *et seq.* Acts done maliciously are not protected by the judicial character of the officer: 2 Stark. Ev. 807; Morgan *v.* Hughes, 2 Term R. 229. Every step to render jurisdiction effectual must be taken: Camp *v.* Wood, 10 Watts 118. If the defendant be the immediate cause of the act, trespass will lie: Legaux *v.* Feasor, 1 Yeates 586; Cotteral *v.* Cummins, 6 S. & R. 343. The warrant being void, the seizure was an act of direct violence and case could not be maintained: Maher *v.* Ashmead, 6 Casey 344; Baird *v.* Householder, 8 Id. 169; Smith *v.* Rutherford, 2 S. & R. 358; Kuhn *v.* North, 10 Id. 399; Dolph *v.* Ferris, 7 W. & S. 367; Spiegelmoyer *v.* Walter, 3 Id. 540; Paff *v.* Slack, 7 Barr 254; Campbell *v.* Brown, 7 Harris 359; Spencer *v.* Campbell, 9 W. & S. 32; Robinson *v.* Stokely, 3 Watts 270; Hornketh *v.* Barr, 8 S. & R. 36; Wilson *v.* Ellis, 4 Casey 238. There was no plea of justification: "not guilty" denies only the *act:* Pearcy *v.* Walter, 6 C. & P. 232. The certificate of Justice Reed was notice to the defendant in connection with the parol evidence which was admissible, and all should have been submitted to the jury: Miller *v.* Fichthorn, 7 Casey 256; McKean *v.* Wagenblast, 2 Grant 462; Repsher *v.* Wattson, 5 Harris 365; Dougherty *v.* Stephenson, 8 Id. 210; Thomas *v.* Thomas, 9 Id. 315; Williams *v.* Bentley, 5 Casey 272; Huston *v.* Barstow, 7 Harris 169; McIldowny *v.* Williams, 4 Casey 492; Baker *v.* Lewis, 9 Id. 301.

*J. W. Ryan* and *F. W. Hughes*, for defendant in error.—The remedy for malicious abuse of legal process is case: Sommer *v.* Wilt, 4 S. & R. 19; Barnett *v.* Reed, 1 P. F. Smith 190; Kramer *v.* Lott, 14 Wright 495; Baird *v.* Householder, 8 Casey 168.

The opinion of the court was delivered, October 20th 1870, by Thompson, C. J.—It is not to be doubted that the defendant, a justice of the peace, had jurisdiction of the cause of complaint against the plaintiff, viz., assault and battery, with intent to kill, and that the warrant he issued on that complaint was legal and regular, and that he had full power to hold to bail, or commit the prisoner, for want of bail, on return of the writ. He was, therefore, not answerable in trespass, even if he was in error in holding the defendant, and committing him, for want of bail. If he maliciously or wantonly injured the plaintiff, by excess in any way, in the execution of his power as a magistrate, *case* was the remedy, not trespass. In Sommer *v.* Wilt, 4 S. & R. 19, the doctrine of liability is thus stated: "When the act is an immediate wrong against *all form of law, trespass vi et armis* is the proper action; but when the process is legal, but is used in an oppressive manner,

trespass on the case." So in Barnett *v.* Reed, 1 P. F. Smith 190, in the opinion of the court by Strong, J., it is said : "If the judgment against Reed, the plaintiff below, and the execution thereon, sued out against him by the defendant, were not void, case, rather than trespass, was manifestly the remedy." In Kramer *et al. v.* Lott *et al.*, 14 Wright 495, this distinction is maintained. The learned judge did not err, therefore, in holding that the action of trespass *vi et armis* did not, under the facts of the case, lie against the magistrate in this case. Nor did the evidence establish any act of trespass as magistrate, in which character he was sued, outside of the acts referred to above, and the charge of the court, that, "upon the whole case, the plaintiff was not entitled to recover," was entirely proper.

Judgment affirmed.