## Boyd *v.* Snyder.

*Malicious prosecution—Trespass on the case—Trespass vi et armis—Statute of limitations.*

Whenever an injury to a person is occasioned by regular process of a court of competent jurisdiction, though maliciously adopted, trespass on the case is the proper remedy, and trespass vi et armis is not sustainable. In such a case the statute of limitations is six years under the act of 1713, which provides that actions upon the case other than for slander shall be commenced six years next after the cause of such action or suit, and not after. The Act of June 24, 1895, P. L. 236, applies only to injuries to the person not resulting in death, and has no application to a suit for malicious prosecution. The procedure act of May 25, 1887, in no way affects the statute of limitations. Reed v. Wilson, 2 Monaghan's Supreme Court Cases, 612, overruled.

Argued Oct. 14, 1903. Appeal, No. 85, Oct. T., 1903, by plaintiff, from judgment of C. P. Clarion Co., Aug. T., 1900, No. 19, on verdict for defendant in case of L. C. Boyd v. John Snyder et al. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Trespass for malicious prosecution. Before MORRISON, P. J., specially presiding.

At the trial it appeared that on May 26, 1894, a fire broke out in a store building in which plaintiff was interested and this building with others was destroyed. Subsequently the defendants, or some of them, made information before a justice of the peace, charging plaintiff with arson. Upon this information which was made June 1, 1894, plaintiff was arrested, and a true bill was found against him. He was regularly tried and acquitted on August 29, 1894. The present action was begun May 31, 1900. The court relying on the authority of Reed v. Wilson, 2 Monaghan, 612, refused to admit the record of the criminal suit, and gave binding instructions for defendants.

Verdict and judgment for defendants.   Plaintiff appealed.

*Error assigned* amongst others was in giving binding instructions for defendants.

*James T. Maffett*, with him *W. A. Hindman, G. G. Sloan, Geo. W. Means, Benj. M. Clark, George A. Jenks, Charles Corbett, Harry M. Rimer, W. L. McCracken, Geo. F. Whitmer*, for appellant.—The learned judge of the court below based his decision in this case on the case of Reed v. Wilson, 2 Mona. 612, That case is wrongly reported.   The statute of limitations in malicious prosecution cases is six years and not two years.

A plaintiff cannot avoid the bar of the statute by merely changing the form of the action, as it is the cause of action rather than the form which determines the applicability of the statute : Wickersham v. Lee, 83 Pa. 432 ; Hannum v. West Chester Boro., 63 Pa. 475.

A prosecution for a criminal offense being ended, an action on the case is the proper remedy for a malicious prosecution : Stewart v. Thompson, 51 Pa. 158 ; Barnett v. Reed, 51 Pa. 190 ; Kennedy v. Barnett, 64 Pa. 141 ; Kramer v. Lott, 50 Pa. 495 ; Farmer's Bank v. McKinney, 7 Watts, 214 ; Berry v. Hamill, 12 S. & R. 210.

*C. Z. Gordon* and *F. J. Maffett*, for appellees.—This case is ruled by Reed v. Wilson.

Our second position is that this case was barred by the second section of the Act of June 24, 1895, P. L. 236 : Rodebaugh v. Phila. Traction Co., 190 Pa. 358 ; Bowden v. P. W. & B. R. R. Co., 196 Pa. 562 ; Noonan v. Orton, 34 Wis. 259 ; Johnson v. Bradstreet Co., 87 Ga. 79 ; Briggs v. Garrett, 111 Pa. 404 ; Peterson v. Delaware River Ferry Co., 190 Pa. 364.

OPINION BY MR. JUSTICE BROWN, January 4, 1904:

This suit for malicious prosecution was instituted May 31, 1900, and a verdict was directed for the defendants under their plea of the statute of limitations, the court below having held that the action was barred because the suit was not brought until more than two years had expired from the time the cause of action arose.   It was brought within six years, and, as the

plaintiff insists, in time, his contention being that the limitation is six and not two years. This is the only question raised on his appeal.

The excluded offer of the plaintiff would have shown that, on a warrant regularly issued by a justice of the peace upon a complaint charging him with the crime of arson, he had been arrested, taken before the magistrate and, on hearing, committed for trial; that he was subsequently admitted to bail; that, at the succeeding term of court, he was indicted by the grand jury and that afterwards he was acquitted by the petit jury. It was excluded by the court for the reason that, under the plea of the statute of limitations, the plaintiff could not recover, even if it was admitted. It was not to show that he had been arrested on a warrant which charged no crime, or that his arrest and imprisonment had been procured by the defendants against all forms of law. In such a case the prosecutors would have been trespassers, and the common-law action of trespass would have been the proper one to be instituted against them: Maher v. Ashmead, 30 Pa. 344; Baird v. Householder, 32 Pa. 168; Kramer v. Lott, 50 Pa. 495; Kennedy v. Barnett, 64 Pa. 141; and such action would be barred after two years under the act of 1713.

The allegation of the plaintiff in the statement of his cause of action and the proof offered to sustain it being that he had been maliciously prosecuted by the defendants, by their abuse of the due forms of law, his redress for the wrong done him was through the common-law action of case. This has been so long and uniformly held that what seems to be decided in Reed v. Wilson, 2 Monaghan's Pennsylvania Supreme Court Cases, 612, cannot be regarded as authority to the contrary. The learned judge below relied upon and was misled by it, and we now overrule it.

In Sommer v. Wilt, 4 S. & R. 19, it is said : " Where the act is an immediate wrong against all form of law, trespass vi et armis, is the proper action ; but where the process is legal, but it is used in an oppressive manner, trespass on the case. In the one case, it is the immediate act that gives the party his action for the injury, without relation to the motive ; in the other the motive of the act." Following this, the rule is clearly laid down by Rogers, J., in Farmers' Bank v.

McKinney, 7 Watts, 214: "The true criterion between tres-
pass and case is, whether the injury is immediate or conse-
quential. For injuries arising from regular process of a court
of competent jurisdiction, case is the proper form of action;
and trespass does not lie as for a malicious arrest or for a
malicious prosecution: Bell v. Broadhurst, 3 Term Rep. 185;
Johnstone v. Sutton, 1 Term Rep. 535; 11 East, 297; 1 Camp.
295; 2 Chitty's Rep. 204. But when the process is irregular,
and by this is meant a void process, trepass is the proper form;
as when a justice of the peace maliciously and irregularly grants
a warrant against a person for felony without an information
on oath, the remedy is in trespass, and case does not lie: Mor-
gan v. Hughes, 2 Term Rep. 228. The general distinction is
thus stated. When the immediate act of imprisonment pro-
ceeds from the defendant, the action must be trespass, and
trespass only; but where the act of imprisonment by one per-
son is in consequence of information from another, then an ac-
tion on the case is the proper remedy, because the injury is
sustained in consequence of the wrongful act of that other."
Among the later cases holding that case is the proper form of
action for a malicious prosecution, carried on under the forms
of law, are Stewart v. Thompson, 51 Pa. 158, and Kennedy v.
Barnett, supra. In Royer v. Swazey, 10 W. N. C. 432, the
action was trespass. The evidence showed the plaintiff had
been arrested by a constable under legal process issued upon a
complaint regularly and formally made before a magistrate
having jurisdiction of the subject-matter. A nonsuit was en-
tered because the action was in trespass and not in case, and,
in refusing to take it off, the trial judge said: "It has been
held by all the text writers, and by numerous decisions, that
for the malicious abuse of legal process, case and not trespass
is the proper legal remedy. The rule is thus stated by Water-
man, sec. 307 and note, 'If one knowing that he has no cause
of action or complaint, cause another to be arrested, the latter
may maintain an action upon the case, although the whole pro-
ceedings are perfectly regular and legal in point of form; but
he could not in such a case maintain trespass.'" What was
thus said we approved in affirming the judgment.

To the foregoing may be added the following from 1 Chitty's
Pleadings, 203: "Whenever an injury to a person is occasioned

by regular process of the court of competent jurisdiction, though maliciously adopted, case is the proper remedy, and trespass is not sustainable." Among the authorities in other states recognizing this rule are Everett v. Henderson, 146 Mass. 89; * Boaz v. Tate, 43 Ind. 60; Lovier v. Gilpin, 6 Dana (Ky.), 321.

The procedure act of 1887 in no way affects the statute of limitations. What was case before its passage continues such for the application of the statute; and, as the present action of trespass is but case under the act of 1713, it was brought within time. The words of the act are, that actions upon the case, other than for slander, shall be commenced "six years next after the cause of such actions or suit, and not after." The Act of June 24, 1895, P. L. 236, has no application to a suit for malicious prosecution. It is clearly intended to apply only to cases of injuries to the person, which may or may not result in death. Its words are: "Every suit hereafter brought to recover damages for injury wrongfully done to the person, in case where the injury does not result in death, must be brought within two years from the time when the injury was done and not afterwards; in cases where the injury does result in death the limitation of action shall remain as now established by law."

Judgment reversed and a venire de novo awarded.