## Sperry *v.* Seidel, Appellant.

*Landlord and tenant—Proceedings to dispossess—Wrongful eviction.*

If a complaint filed in a proceeding to dispossess a tenant under the landlord and tenant Act of March 21, 1772, 1 Sm. L. 370, fails to aver the essential jurisdictional facts required by the statute, the proceedings are coram non judice and without legal effect. An eviction of the tenant in such a case is illegal and the landlord may be held liable for damages in an action of trespass.

In an action of trespass to recover damages for a wrongful eviction under proceedings which were wholly invalid because of lack of the necessary jurisdictional facts, it is not reversible error for the court to refer to the eviction as an "abuse of legal process," instead of referring to it as without "any legal process" to justify it.

*Damages—Exemplary damages.*

For wanton and intentional violation of the rights of others, or under circumstances of aggravation or oppression, exemplary damages may be recovered.

Argued March 4, 1907. Reargued April 1, 1907. Appeal, No. 93, Jan. T., 1906, by defendant, from judgment of C. P.

Berks Co., Nov. T., 1903, No. 47, on verdict for plaintiff in case of William H. Sperry v. Henry J. Seidel.   Before MITCH-ELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEW-ART, JJ.   Affirmed.

Trespass for wrongful eviction.   Before ENDLICH, J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $3,947.83, upon which judgment was entered for $3,000, all above that amount having been re-mitted.

*Errors assigned* among others were (1) in refusing binding instructions for defendant and using the words "abuse of legal process" in the charge.

*Isaac Hiester*, with him *Dumn & Schaeffer* and *D. E. Schroeder*, for appellant.—In a landlord and tenant proceed-ing an averment that the tenant's term had fully ended gives the magistrates jurisdiction to inquire of the truth of the averment, and if they err in their judgment the proceedings are not void for want of jurisdiction, nor the landlord liable as a trespasser : Galbraith v. Black, 4 S. & R. 207 ; Ayres v. Novinger, 8 Pa. 412 ; Federal Ins. Co. v. Robinson, 82 Pa. 357 ; Travelers' Ins. Co. v. Heath, 95 Pa. 333 ; Duncan v. Kirkpat-rick, 13 S. & R. 292 ; Breading v. Blocher, 29 Pa. 347 ; Kis-sock v. Grant, 34 Barb. 144 ; Field v. Anderson, 103 Ill. 403 ; West v. Smallwood, 3 M. & W. 418 ; Carratt v. Morley, 1 A. & E. (N. S.) 18 ; Tarbox v. Hays, 6 Watts, 398 ; McDonald v. Simcox, 98 Pa. 619 ; Hauer's App., 5 W. & S. 473 ; Sloan v. McKinstry, 18 Pa. 120 ; Billings v. Russell, 23 Pa. 189 ; Swee-ney v. Girolo, 154 Pa. 609 ; Crescent City Live-Stock Co. v. Butchers' Union Slaughter House Co., 120 U. S. 141 (7 Sup. Ct. Repr. 472) ; Hart v. Cooper, 129 Pa. 297.

If process is void and an action of trespass quare clausum fregit is brought against the person who caused it to issue, there can be no addition of punitive damages for abuse of legal process : Sommer v. Wilt, 4 S. & R. 19 ; Maher v. Ashmead, 30 Pa. 344 ; Baird v. Householder, 32 Pa. 168 ; Lane v. Sayre Land Co., 211 Pa. 290 ; Graver v. Fehr, 89 Pa. 460 ; Wenger v. Phillips, 195 Pa. 214.

*E. H. Deysher* and *C. H. Ruhl*, for appellee.—The action was properly brought : Day v. Sharp, 4 Whart. 339 ; Wall v. Wall, 123 Pa. 545 ; Graver v. Fehr, 18 W. N. C. 311.

In an action of trespass exemplary damages may be recovered to punish the wrongdoer for the moral wrong, the recklessness with which the act has been committed, or the violence and outrage attending it : McBride v. McLaughlin, 5 Watts, 375 ; Huling v. Henderson, 161 Pa. 553 ; Greeney v. Penna. Water Co., 29 Pa. Superior Ct. 136.

In a landlord and tenant proceeding under the provisions of the act of 1772, if the complaint of the landlord fails to aver essential jurisdictional facts, the proceedings are coram non judice and absolutely void ; and an eviction of the tenant thereunder is illegal and is a trespass against him, for which the landlord is liable in an action of trespass : Fahnestock v. Faustenauer, 5 S. & R. 174 ; Camp v. Wood, 10 Watts, 118 ; Wall v. Wall, 123 Pa. 545 ; Pearsoll v. Chapin, 44 Pa. 9 ; Seylar v. Carson, 69 Pa. 81 ; Smith v. Wildman, 178 Pa. 245 ; Baird v. Householder, 32 Pa. 168 ; Maher v. Ashmead, 30 Pa. 344 ; Grohmann v. Kirschman, 168 Pa. 189 ; Thatcher v. Powell, 19 U. S. 119.

This identical question was ruled in 1877 in the court of common pleas, No. 2, Philadelphia county : De Coursey v. The Guarantee Trust & Safe Deposit Co. et al., 3 W. N. C. 518.

Opinion by Mr. Justice Elkin, April 22, 1907 :

It must be conceded that the question raised by this appeal is a close one and not free from difficulty. There can be no doubt, however, that if the complaint filed in a proceeding to dispossess a tenant under the landlord and tenant Act of March 21, 1772, 1 Sm. L. 370, fails to aver the essential jurisdictional facts required by the statute, the proceedings are coram non judice and without legal effect. An eviction of the tenant in such a case is illegal and the landlord may be held liable for damages in an action of trespass. Indeed, as we understand the contention of the learned counsel for appellant, this view of the law is not seriously questioned. It is argued, however, with much force that the original complaint in the procedings to dispossess the tenant did contain a sufficient averment of

facts to confer jurisdiction, and that the landlord cannot be held liable in damages for a wrongful eviction which resulted from errors that may have been committed by the inquisition in its findings of fact relating to the date when the term of the lease ended. The difficulty with this position is that it is not supported by the record. In the original proceedings for recovery of possession of the demised premises the learned court below on certiorari held that the complaint on which it was founded, as well as the inquisition which acted on it, failed to show jurisdiction to entertain it. On appeal to the Superior Court the judgment of the court below was affirmed : Seidel v. Sperry, 26 Pa. Superior Ct. 649. In the per curiam opinion of the learned Superior Court it is suggested as a reason for affirming the judgment of the court below that the inquisition was defective on the ground of uncertainty, and it is now strongly urged that the question of jurisdiction was not decided in that case, and that the judgment entered therein cannot be set up by appellee here to sustain his contention that the proceeding under which he was evicted was without warrant of law, and, therefore, utterly void. As we read the opinion of the court below on the certiorari proceedings and of the Superior Court in reviewing them, there is no escape from the conclusion that the question of jurisdiction was the vital one involved and decided in that case. The Superior Court approved the reasoning of the "exhaustive and satisfactory" opinion of the learned court below and rested its decision largely upon that opinion. The court below in that case based its ruling on the ground that the necessary jurisdictional facts did not appear to sustain the proceedings, and when that judgment was affirmed by the Superior Court and no appeal taken, the question of want of jurisdiction was finally determined and is not now before us.

On the other questions raised by the assignments we do not agree that any reversible error was committed by the learned trial judge. If the inquisition proceedings were lacking in the jurisdictional facts required by the act of assembly, they were utterly void : Blashford v. Duncan, 2 S. & R. 480 ; McGee v. Fessler, 1 Pa. 126 ; Graver v. Fehr, 89 Pa. 460. In such a case the landlord is in precisely the same position as if there had been no proceedings to dispossess at all, and the eviction of

the tenant under such circumstances is a trespass for which the landlord may be held liable in damages : Baird v. House-holder, 32 Pa. 168 ; Kramer v. Lott, 50 Pa. 495 ; Kennedy v. Barnett, 64 Pa. 141 ; Boyd v. Snyder, 207 Pa. 330.

The fourth assignment seeks to convict the learned trial judge of error in charging the jury in substance that if they found from the evidence that the landlord was actuated by a disposition to oppress the plaintiff, to take a wrongful advantage of him by a willful or reckless abuse of legal process, then it would be permissible to impose exemplary damages. The use of the phrase " abuse of legal process " in the charge was technically inaccurate for the reason that the action was based on the ground that the proceedings under which the landlord attempted to evict the tenant were void for want of jurisdiction, and the eviction was secured not by an " abuse of legal process," but without any " legal process " to justify it. It was therefore technically an error to speak of it as an " abuse of legal process." We do not see, however, how this inaccuracy did the defendant any harm, and it certainly does not amount to reversible error. The whole case was tried on the theory that the landlord was liable for damages because he had wrongfully and oppressively dispossessed his tenant without warrant of law. It has been frequently held that for wanton and intentional violation of the rights of others, or under circumstances of aggravation or oppression, exemplary damages may be recovered: McBride v. McLaughlin, 5 Watts, 375 ; Huling v. Henderson, 161 Pa. 553. The instructions to the jury on this question were as favorable as the appellant under the facts of the case had a right to expect.

Assignments of error overruled and judgment affirmed.