# Patterson *v.* Williams, Appellant.

*Evidence—Abandonment of personal property—Intention—Province of court and jury.*

1. Abandonment includes both the intention and the external act by which the intention is carried into effect. Ordinarily it is a question of fact to be determined by the jury, under all the circumstances of the case. It is only where all the essential facts are admitted or indisputably proved, and the inferences to be drawn from them are certain and free from doubt, that it can be withdrawn from the jury, and the abandonment be declared by the court as a matter of law.

2. Where the owner of a mare which is in a crippled condition, places her in charge of an agistor with directions to kill her, and the agistor fails to obey the order and subsequently delivers the mare to his successor in the business who converts her to his own use and subsequently sells her, the owner in an action against such successor to recover the

value of the mare, is entitled to have the question of abandonment submitted to the jury; and in such a case he is not estopped by an admission, made by him in a suit previously brought by the defendant to recover for the keep of the mare, to the effect that he had ordered the mare to be killed and had abandoned all interest in her.

*Statute of limitations—Conversion of horse—Acts of June 24, 1895, P. L. 236, and March 27, 1713, 1 Sm. L. 76.*

3. The Statute of Limitations of June 24, 1895, P. L. 236, does not apply to an action for the conversion of a horse. The statute was intended to apply only to cases of injuries to the person which may or may not result in death; nor does the Act of March 27, 1713, 1 Sm. L. 76, apply, where the action was brought within three years after the alleged conversion.

Argued Oct. 16, 1912.   Appeal, No. 63, Oct. T., 1912, by defendant, from judgment of C. P. No. 1, Phila. Co., June T., 1909, No. 392, on verdict for plaintiff in case of Theodore C. Patterson v. Morris Williams.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.   Affirmed.

Assumpsit for the use and conversion of a horse.   Before KINSEY, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $84.50.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Henry J. Scott,* for appellant, cited: Burke v. Hammond, 76 Pa. 172; Russell v. Stratton, 201 Pa. 277; McMillin v. Titus, 222 Pa. 500; National Bank v. North, 160 Pa. 303; Hopewell Mills v. Saving Bank, 150 Mass. 519 (23 N. E. Repr. 327).

*Theodore C. Patterson,* for appellee, cited: National Bank v. North, 160 Pa. 303; McMillin v. Titus, 222 Pa. 500.

OPINION BY RICE, P. J., February 27, 1913:

The plaintiff placed a black mare, called "Lillian," for pasture with John McCloskey, an agistor, at Erden-

heim stock farm.   Upon the latter's death his son suc-
ceeded him in possession of the farm and the conduct
of the business, and continued to pasture and board the
mare until April 1, 1903, when the defendant in this case
became the tenant of the farm, took over the business,
and received from McCloskey, among other horses,
the mare Lillian, which he boarded from that time until
May, 1906.   On the tenth of that month the defendant
made written demand on the plaintiff for the amount
($432) alleged to be due him for boarding the mare,
and, in the same paper, gave the plaintiff notice that if he
did not remit the amount the mare would be sold for
board, under the act of April 7, 1807, 4 Sm. Laws 403,
on May 26, 1906, at Herkness' Bazaar.   This demand not
being complied with, the mare was sold at public auction,
at the time and place designated in the notice, for $70.00
and, after deducting commissions and expenses of sale, the
defendant received $63.00.   In the same year Williams
sued Patterson for the board alleged to be due, and re-
covered a judgment, but, on appeal to this court, the judg-
ment was reversed for the reason that the evidence failed
to disclose an express contract, or facts from which a con-
tract could be implied, for boarding the mare: Williams
v. Patterson 38 Pa. Superior Ct. 322.   That judgment
was rendered February 26, 1909, and, on May 25 following,
the present action of assumpsit was brought by Patterson
against Williams.   In his amended statement of claim
the plaintiff alleged, inter alia, that the mare came into
the possession of the defendant without the plaintiff's
knowledge, and with the defendant's knowledge that she
was the property of the plaintiff, and that the defendant
used the mare in sundry ways, for his own purposes,
without the plaintiff's knowledge or consent, until some
time during the month of May, 1906, when he converted
the mare to his own use and unlawfully sold her.   The
statement concluded with the averment that thereby
the plaintiff had been deprived, through the unlawful
act of the defendant, of the possession of the mare, to

his damage in $5,000. The jury rendered a verdict in favor of the plaintiff for $84.50, this being the sum received by the defendant at the sale with interest. From the judgment on the verdict both parties appealed.

In the defendant's appeal, which we are now considering, the only assignment of error is to the refusal of his point for binding direction. It is urged that such direction should have been given because (1) the plaintiff lost title to the mare by abandonment in 1902, (2) the action was barred by the statute of limitations. If the first contention cannot be sustained, it is apparent that the second, which assumes that the statute began to run on the date of the alleged abandonment, cannot be. As has been seen, the action was brought within three years after the alleged conversion of the mare by sale and receipt of the purchase money. Therefore, it was not barred by the Act of March 27, 1713, 1 Sm. L. 76. Nor is that the act relied on by the defendant in his plea. The statute specifically pleaded was the Act of June 24, 1895, P. L. 236. But that act was clearly intended to apply only to cases of injuries to the person which may or may not result in death, and cannot possibly be extended to such an action or cause of action as this: Boyd v. Snyder, 207 Pa. 330.

Abandonment includes both the intention and the external act by which the intention is carried into effect. Ordinarily it is a question of fact to be determined by the jury, under all the circumstances of the case. It is only where all the essential facts are admitted or indisputably proved, and the inferences to be drawn from them are certain and free from doubt, that it can be withdrawn from the jury and the abandonment be declared by the court as matter of law. Here, the plaintiff's testimony was to the effect that in May, 1902, the mare being crippled and apparently suffering from some malady, he ordered the agistor to kill her, that he was informed later by him that this had been done, and that he did not learn the contrary until some years later. There was

evidence from which the jury could find that this was a proper and humane thing to do, and that the plaintiff had no other intention than to put the mare out of her suffering. To hold that because he gave this order he relinquished, surrendered, or abandoned his right of property, and put it in the power of his selected agent or any other person to defeat his humane intention and to deal with the animal as he chose, is a proposition that cannot be maintained. The learned judge upon this subject appropriately said: "Mr. Patterson has been charged with having abandoned this mare. In one sense, he did abandon her, in the sense that he ordered her killed, but as she was not killed, and if he in any way was deceived by any combination or arrangement, by any secrecy in her retention by the defendant, or McCloskey, in his transfer to defendant, that will lead a jury to inquire into what those conditions were." Great stress is laid by the defendant on a portion of the argument the plaintiff made in this court in the case of Williams v. Patterson, supra. This was brought out on the cross-examination of the plaintiff, and it does show that he stated that, when on May 1, 1902, he ordered the mare to be killed, he abandoned all interest and property in the animal. But this must be taken as intended merely as an argument upon the evidence in that case. It was not such a conclusive admission as estopped him, in the present case, to prove the facts and to ask the legitimate inferences to be deduced therefrom. Nor can that decision be regarded as an adjudication of the question of abandonment. The decision was not put on that ground, but, as we have seen, upon the failure of the plaintiff's proofs. The question was open for determination in this case upon the evidence in the case; and while what the plaintiff said in the course of his argument in the prior case was perhaps admissible on cross-examination, as bearing upon his credibility, it did not conclude him. The learned judge could not have charged that the plaintiff lost title to the mare by abandonment, without invading

the province of the jury. He went as far as the evidence warranted, in submitting that question to them with instruction that, if they found he "abandoned all interest and property in the mare" on May 1, 1902, he could not recover.

The judgment is affirmed.