## Surmaitis v. Mikulski.

*Landlord and tenant—Recovery of possession of premises—Acts of 1830, 1863 and 1905, and proper practice thereunder.*

1. On *certiorari* of an alderman's record, it appeared by the record that a summons issued under the Act of April 3, 1830, P. L. 187, alleging rent in arrears, but neither in the complaint nor on the face of the record was there any allegation or evidence as to rent in arrears, nor did the record show that the written notice provided for by the Act of March 31, 1905, P. L. 87, supplementing the Act of Dec. 14,, 1863, P. L. (1864) 1125, had been served upon the defendants: Held, the record was fatally defective.

2. Under the Landlord and Tenant Acts, the complaint must aver the essential jursidictional facts or the record must on its face show all the facts necessary to give jurisdiction, or the proceeding is *coram non judice* and without legal effect.

*Certiorari.* C. P. Lackawanna Co., March T., 1923, No. 79.

*J. J. O'Malley,* for plaintiff; *Scragg & Scragg,* for defendant.

MAXEY, J., May 8, 1923.—This is an action to recover possession of demised premises. The summons issued under the Act of April 3, 1830, P. L. 187,

4 D. & C.

alleged rent in arrears, but neither in the complaint nor on the face of the record is there any allegation or evidence as to rent in arrears.

A proceeding under the Act of 1830 to recover possession is had only when the lessee neglects or refuses to pay the rent reserved. From the complaint quoted in the alderman's transcript, and from the evidence and finding in the alderman's transcript, it nowhere appears that any rent was in arrear. The present action is, therefore, apparently under the Act of Dec. 14, 1863, P. L. (1864) 1125, and its supplement, the Act of March 31, 1905, P. L. 87, which permits the institution of proceedings to secure the possession of real property held by a tenant, "either by license or lease, whether oral or written, for any time less than one year, or by the month, or for an indeterminate time." This legislation merely extends the procedure under the Act of 1863, which provides for the recovery of lands demised for one or more years, in which case a ninety-day notice is required: Lehman v. Lehman, 19 Dist. R. 590; Rudy v. Zeigler, 30 Dist. R. 362.

"Under all of these Landlord and Tenant Acts, the complaint must aver the essential jurisdictional facts required by the statute, or the proceeding is *coram non judice*, and without legal effect: Sperry v. Seidel, 218 Pa. 16. Or, the facts necessary to give jurisdiction must appear on the face of the record: Graver v. Fehr, 89 Pa. 460. If the complaint sets forth the jurisdictional averments, the justice may find, in his judgment, that all the facts therein averred are true, and this is enough. But such is not sufficient where essential statements do not there appear: Richards v. Gardner, 18 Lacka. Jurist, 158. There must be a finding of all jurisdictional facts: Ayers v. Ayers, 28 Lanc. Law Rev. 126. If they are not alleged in the complaint, they may be found in the judgment entered, which constitutes a part of the record. 'In order that judgment be rendered, the justice must find the necessary facts, which must appear of record, either in his judgment or by reference to the complaint as true:' Givens v. Miller, 62 Pa. 133, 135. The setting forth of evidence offered to sustain the complaint does not aid where 'he fails to say that the evidence is true or that it proves anything to his satisfaction:' Ballou v. Mehring, 28 Pa. Superior Ct. 156, 158. 'The evidence, if any has been taken, forms no part of such record, and cannot be properly considered by the court:' Wilmington S. S. Co. v. Haas, 151 Pa. 113, 116:" From opinion of Sadler, P. J., in Rudy v. Zeigler, 30 Dist. R. 362, 363.

Mikulski v. Ziolkowski, 73 Pa. Superior Ct. 72, 75: "The alderman . . . did not find that the lessor was peaceably and quietly possessed of the lands or tenements, nor that he demised the same to a tenant for a definite term, nor that a rent certain was reserved, nor that the term had expired, nor that the tenant had had notice to quit. The record was insufficient to sustain the judgment in favor of the plaintiff." In the case at bar the record shows that the lessor, "the said George Surmaitis, was quietly in possession of a certain messuage or tenement, with the appurtenances, situate at No. 108 Sanderson Street, Throop, Lackawanna County, and State of Pennsylvania, and that . . . he demised said premises to Pearl Mikulski and Isabel Mikulski," for a definite term, to wit, "the term of one month," and that a rent certain was reserved, to wit, "$25 per month." Only by implication does the record show that the term had expired, the record saying that "the said George Surmaitis, being desirous upon the expiration of said term to have again and repossess the said premises, for that purpose, did thirty days previous to such expiration demand and request of the said Pearl Mikulski and Isabel Mikulski to remove from and leave the same." However, we might hold that this was sufficient if this were the only defect in the record.

Surmaitis v. Mikulski.

The fatal defect in the record is that it does not show that the written notice, provided for in the Act of 1905, was served upon the defendants. This act provides as follows: "In all cases where a tenant shall hold possession of real estate within this Commonwealth, either by license or lease, whether oral or written, for any time less than one year, or by the month, or for an indeterminate time, and the immediate landlord or owner of such real estate shall desire to regain possession therefrom from such tenant or occupant, he shall serve upon the tenant, or an adult member of his family, a notice in writing, demanding therein that he requires such tenant or occupant to deliver to him the possession of the premises so held within thirty days from the date of service thereof."

Simpers v. Baker, 29 Dist. R. 50: To support a proceeding before an alderman to recover possession of demised premises under the Act of March 31, 1905, P. L. 87, which enables a landlord to recover possession of real estate from one holding by license or lease, "whether oral or written, for any time less than a year, or by month, or for an indeterminate time," the jurisdiction of the alderman must appear affirmatively on the record; hence, where there is nothing on the record to show that the notice was in writing or that it contained the requirements prescribed by the act, the judgment will be reversed on certiorari. The 2nd section of the Act of 1905 clearly makes the "proof that such notice (that is, in writing) was duly served (upon the tenant)," a condition precedent to the alderman "having jurisdiction."

In view of the foregoing provisions of the Act of 1905, it is manifest that the record of the alderman is fatally defective, in that it does not set forth that the landlord served upon the tenant, or an adult member of his family, a notice in writing, demanding possession of the premises. The sixth exception of the defendants, that "the judgment of the alderman is void for want of jurisdiction," is, therefore, sustained.

Now, to wit, May 8, 1923, the judgment is reversed.

From William A. Wilcox, Scranton, Pa.