# DeLong v. Lehigh Valley Transit Company, Appellant.

*Street railways—Passengers—Ejection and arrest—Malicious prosecution.*

1. In an action by a passenger against a street railway company to recover damages for an alleged false ejection and arrest, a small verdict for the plaintiff company will be sustained where it appears that although the plaintiff's statement charged a malicious prosecution, the case was tried without objection to determine whether the plaintiff had been guilty of disorderly conduct, and whether the defendant's employees had exceeded the scope of their authority in forcibly ejecting him and placing him in the custody of a police officer.

2. In such a case the defendant cannot on appeal object for the first time that the plaintiff had not proved malice and want of probable cause, and a termination of a criminal action against him, in his favor.

Argued Dec. 8, 1914. Appeal, No. 95, Oct. T., 1914, by defendant, from judgment of C. P. Lehigh Co., Sept. Term, 1914, No. 9, on verdict for plaintiff in case of Herbert DeLong v. Lehigh Valley Transit Company. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Trespass for an alleged wrongful ejectment of a passenger, and malicious prosecution.

Plaintiff in his statement after averring that on June 1, 1913, he was a passenger on one of defendant's cars from Rittersville to Allentown, further averred that after the car had reached a point in Allentown and before the plaintiff had reached his destination, as aforesaid, through

its motorman, conductor, dispatcher and other of its agents, servants or employees, without any good cause, legal justification or excuse, willfully, wantonly, maliciously and oppressively, forcibly and against the will of the plaintiff, removed and ejected him from the said car, placed him in the custody of the police officers of the city of Allentown and under arrest, and wrongly, falsely, wantonly, maliciously and oppressively charged him with disorderly conduct upon a trolley car. That the plaintiff, in charge of the police officers, as aforesaid, was taken along the main thoroughfare of the city of Allentown, aforesaid, to the central fire and police station of the said city, where a record was made of the charge preferred against him and the plaintiff held in his own recognizance for his appearance before the mayor at the mayor's office on June 2, 1913, at eight o'clock in the evening. The plaintiff appeared at the said time and place, but the defendant company failing to appear, the plaintiff was discharged for want of evidence. Later, however, a rehearing was granted, at the request of the defendant company, which was held on Friday, June 6, 1913, at eight o'clock P. M. After a full hearing of the evidence produced by the defendant company and the plaintiff, the plaintiff was discharged by the mayor, there being no evidence to substantiate the charge made against him.

At the trial plaintiff presented the following points:

2. If the jury should find from the evidence that the plaintiff had created a disorder upon the car, such as would have justified the motorman in making a complaint against him for disorderly conduct and causing his arrest when the car reached the city of Allentown, but such disorder had ceased before the arrival of the car at Allentown, and the arrest was caused to be made by the motorman, within the scope of his authority, and without the previous swearing out of a complaint against the plaintiff and the issuing of a warrant thereon, then the arrest so made was unlawful, and the motorman

having been a party to and causing the arrest to be made, the defendant company is liable in damages to the plaintiff. *Answer:* Affirmed. [2]

4. If the jury find from the evidence that the plaintiff was received as a passenger upon its car and paid the fare demanded of him, it then and there became the duty of the defendant company to convey the plaintiff safely to his destination and to protect him from injury, from violence and illegal annoyance; and if the conductor of the said car carelessly, negligently and indifferently permitted the plaintiff to be illegally removed from the said car by the motorman, dispatcher and police authorities of the city of Allentown, then the defendant company is liable in damages for the injuries sustained by the plaintiff in consequence thereof. *Answer:* Affirmed. [4]

5. If the jury believe from the evidence that the plaintiff was illegally removed from the car of the defendant company and placed under arrest through the agency of the servants of the defendant company, acting within the scope of their authority, then the plaintiff is entitled to recover damages for the expenses he was put to in clearing himself of the said charge, and for mental suffering, humiliation and injury to his feelings. *Answer:* Affirmed. [5]

6. If the jury find from the evidence that the plaintiff was illegally removed from the car of the defendant company and turned over into the hands of the police authorities by the servants of the defendant company, acting within the scope of their employment, and that the same was not done by the defendant's servants merely through ignorance or mistake, but because of infirmity of temper or under the influence of passion, aroused by the circumstances, then the defendant company is liable to the plaintiff for vindictive or exemplary damages such as will not only compensate him, but at the same time prevent a repetition of the wrong, either by the defendant or others. *Answer:* Affirmed. [6]

Verdict and judgment for plaintiff for $125. Defendant appealed.

*Errors assigned* among others were (2, 4, 5, 6) above instructions, quoting them.

*Arthur G. DeWalt,* for appellant.—It is well established by numerous authorities as an elemental proposition and principle of law, that in any suit for malicious prosecution the plaintiff before he can be entitled to a verdict must show three things: (1) The termination of the criminal action against the plaintiff in his favor. (2) Want of probable cause on the part of the defendant. (3) That the defendant was actuated by malice toward the plaintiff in the institution of the proceeding; and that lack of proof of either want of probable cause or malice is insufficient to warrant a verdict for the plaintiff: Seibert v. Price, 5 W. & S. 438; Beach v. Wheeler, 30 Pa. 69; Smith v. Ege, 52 Pa. 419; Weinberger v. Shelly, 6 W. & S. 336; Acker v. Gundy, 12 Atl. Repr. 595; Keener v. Jefferies, 54 Pa. Superior Ct. 553; Beihofer v. Loeffert, 159 Pa. 365.

*James L. Schaadt,* with him *Chas. W. Kaeppel,* for appellee.—At no time during the progress of the case was the action regarded as a suit for damages for malicious prosecution either by court or counsel. There is a wide and fundamental difference between actions for malicious prosecution and those for false imprisonment. The latter is brought for an unlawful interference with the personal liberty of a free citizen; for any prevention of his free movements from place to place or his free action according to his own pleasure and will; for the deprivation of his liberty, and for unlawful restraint of his person, contrary to his will, either with or without process of law. The right violated is freedom of locomotion.

Because he was deprived of his liberty through the

action of the defendant company's motorman, without just cause, the plaintiff complained, and a jury has awarded to him a reasonable sum for his damage; a verdict which was returned after submission by the court in a charge eminently fair to both sides, which after further consideration upon defendant's application for a new trial has not been disturbed by the court below, and, we respectfully submit, should now be affirmed in this court.

OPINION BY ORLADY, J., March 11, 1915:

The plaintiff's statement sets out very clearly and fully his grievance against the defendant. On the trial the defendant joined issue on the facts as set out in the statement, and the case was tried to determine as questions of fact whether the plaintiff had been guilty of disorderly conduct while a passenger on one of the defendant's cars. Whether the company's employees exceeded the scope of their authority in forcibly ejecting him from the car and placing him in custody of police officers. A small verdict of $120 was recovered, and the legal questions raised in this appeal were not presented to the court below.

The technical distinction between the required proof in an action for malicious prosecution and for false imprisonment is urged for the first time before us. The plaintiff's theory of the cause of action was accepted by the defendant and the trial proceeded to a verdict on the issue thus raised. The defendant endeavored to justify the ejection and arrest of the plaintiff on account of disorderly conduct on the car, and further, that if the plaintiff's conduct did not warrant the treatment he received the defendant company was not liable, for the reason that the motorman exceeded his authority. While there is a fundamental difference between the action for malicious prosecution and for false imprisonment, the defendant was not in any way misled to its injury by the plaintiff's statement of his

claim, and was not surprised at any proof adduced in its support, as it defended both as to the facts and legal contention with such success as to secure the small verdict against it: Lentz v. Raum, opinion ante, p. 262.

We do not find any error in this record to justify a reversal of the judgment. The plaintiff had a substantive cause of action. The case was well tried by able counsel and fairly submitted in an adequate charge, and the judgment is affirmed.