## Goodman v. Frank and Seder of Philadelphia, Inc.

*Cornelius C. O'Brien*, for plaintiff.

*Frank R. Ambler* and *Howard R. Detweiler*, for defendant.

CRUMLISH, J., February 9, 1950.—This matter is before the court on defendant's preliminary objection to plaintiff's complaint in trespass.

The complaint alleges that defendant, acting through its agent, a cashier at defendant's department store, appeared before a justice of the peace for the County of Delaware on January 30, 1947, and falsely, maliciously, and without any reasonable or probable cause whatsoever charged under oath that plaintiff drew a worthless check in the sum of $80 to the order of defendant and delivered the same to defendant with the intent to defraud it; that defendant procured the justice of the peace to issue a warrant for plaintiff's arrest, and that by virtue of the warrant plaintiff was brought before the justice of the peace who conducted a hearing and bound plaintiff in the sum of $500 for court. The charge was subsequently presented to the Grand Jury of Delaware County and after hearing the evidence presented against plaintiff, the indictment was ignored.

The complaint further alleges that by reason of defendant's wilful and malicious conduct plaintiff's credit and reputation have been seriously injured; that he has suffered great pain and has been deprived of his liberty; wherefore plaintiff seeks damages.

Defendant interposed a demurrer under Pa. R. C. P. 1017(b) (4) raising the question of the statute of limitations. Defendant contends that the complaint sets forth a cause of action for malicious prosecution, and that the action, which was instituted November 14, 1949, is barred by the one-year limitation prescribed by the Act of July 1, 1935, P. L. 503, sec. 1, 12 PS §51.

Plaintiff argues that the complaint states a cause of action for false imprisonment; that the normal two-year limitation prescribed by the Act of June 24, 1895, P. L. 236, sec. 2, 12 PS §34, applies, and the Act of July 1, 1935, supra, does not apply to an action for false imprisonment.

In construing a complaint in an action of this kind it is immaterial by what name the parties choose to designate the wrong; if the statement alleges facts showing that a particular wrong has been committed, a recovery will be allowed on the facts alleged and proved regardless of the name advanced: Fendall v. Eckert, 90 Pa. Superior Ct. 305 (1926). The action for false imprisonment is closely akin to the action of false arrest. The niceties of the distinctions between the two actions are often obscured by the fact that joinder of the two actions in the same complaint is permitted. There is, however, a fundamental difference between the action for malicious prosecution and for false imprisonment: DeLong v. Lehigh Valley Transit Co., 59 Pa. Superior Ct. 363, 367 (1915).

Considering then, the substance of the allegations in the complaint, we find plaintiff alleging that defendant appeared before a justice of the peace in Delaware County and wrongfully and maliciously charged under oath that plaintiff did make, draw, utter, and deliver a worthless check with the intent to defraud the defendant and thereby caused and procured the justice of the peace to issue a warrant for plaintiff's arrest, and that plaintiff was held in $500 bail for court to answer such charges which were later ignored by the Grand Jury of Delaware County. This, we find, amounts to a charge of malicious prosecution.

Where the complaint on its face reveals that the imprisonment was brought about by proper service of a writ, regular in form, and issued by a court having jurisdiction, the liability on the part of the wrongdoer, if any, is for malicious prosecution rather than for false imprisonment. The essentials of the action for malicious prosecution are: The improper putting in force of legal process, regular on its face, for the sole purpose of vexing or injuring a person; the suing out of such process maliciously and without probable cause;

and the unsuccessful termination of the action. See: A. L. I. Restatement of the Law of Torts §653.

False imprisonment is the unlawful restraint of the liberty of a person without proper legal process. In Samuel v. Blackwell, 76 Pa. Superior Ct. 540, 545 (1921), we find this definition:

"False imprisonment consists in the confinement or detention of the person without sufficient authority: which authority may arise either from some process from the courts of justice, or from some warrant from a legal officer having power to commit; or from some other special cause warranted, in the circumstances, either by common law or statute." See also: Commonwealth v. Charles, 114 Pa. Superior Ct. 473, 481 (1934).

The present action was commenced about 10 months after it was barred by the limitation of the Act of July 1, 1935, supra.

Accordingly, defendant's preliminary objection is sustained and the complaint dismissed.