By the court.
The statutes of forcible entry and detainer were made for very wise and good purposes, when the spirit of the times was very different from the present. The rights of property are more respected and regarded, and we are induced to flatter ourselves that the necessity of recurring to the laws only for the redress of private or public injuries, is now obvious to every one. Those statutes are still beneficial, but in a variety of instances, they have been prostituted and abused. Their provisions, which formerly were construed liberally, should now receive a strict construction from the change of circurhstances. (Vid. 2 Wils. 40, 41.) Proceedings under these acts of parliament should be discouraged, unless the party charged has been guilty of an evident force. These laws were made for the security of persons in the actual possession of lands, which can scarcely be said of the prosecutor in this present instance. They require as an indispensible ingredient in the offence, “force and arms and a strong *5021 hancL” The defendant was invited on the land *by -* the prosecutor, for the purpose of provoking him to some act of outrage, and all that he did, after receiving a supposed insult, was' to take up a stick, and desire him to stand off.. He neither struck nor attempted to strike, nor did his conduct excite any fears in Tomlinson. Baker was certainly guilty of an illegal and immoral act, in suffering Cornelius Devore to obtain a clandestine possession, against the trust reposed in him. But the proper remedy would have been a procedure under the landlord and tenant act, which meets this case in all its circumstances. — And we are of opinion, that the present mode of redress has been altogether misconceived.
Verdict for-the defendant.