# SAMUEL THOMPSON v. THE COMMONWEALTH.

## ERROR TO THE COURT OF QUARTER SESSIONS OF FAYETTE COUNTY.

Argued January 31, 1887—Decided April 25, 1887.

An entry into a building under a claim of right without violence and a
strong hand or other circumstances of terror, is not an offense indictable
under the 21st section of the act of March 31, 1860.

Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STEB-
RETT and GREEN, JJ.; CLARK, J., absent.

No. 186 July Term, 1886, Supt. Ct.; court below, No. 32
March Term, 1885.  Q. S

Samuel Thompson and Robert Thompson were indicted in
the Quarter Sessions upon an information made by Mrs.
Ada Krepps for forcible entry and detainer.    On the trial the
court below, JAMES INGHRAM, P. J., submitted to the jury
to find from the evidence of facts, which are sufficiently stated
in the opinion below, whether the defendants were guilty or
not guilty.    After verdict for the commonwealth, the defend-
ants made a motion in arrest of judgment upon the ground
inter alia that " the evidence did not support the charge";
which motion being overruled the defendant, Samuel Thomp-

son, took this writ, assigning for error the order overruling said motion.

*Mr. Edward Campbell*, for the plaintiff in error:

One who breaks open the door of his own house, which is forcibly detained from him by one who claims the bare custody, is not guilty of forcible entry: Commonwealth v. The Keeper, 1 Ash. 146; Jackson & G. Land. & T. 154, 338; Overdeer v. Lewis, 1 W. & S. 91; Kellam v. Janson, 17 Penn. St. 469; Brown v. Brightly, 14 W. N. 497; Commonwealth v. McNeile, 8 Phila. 438; Commonwealth v. Haxton, Lewis C. L. 282.

*Mr. R. P. Kennedy*, for defendant in error, without paper-book.

OPINION, MR. JUSTICE GORDON:

An examination of the evidence in this case develops the following facts: John Dutton, the alleged tenant of the prosecutrix, left his shop at about five o'clock on the evening of the 4th of November, 1884, and when he returned the next morning he found, as he says, that the lock had been taken off the door and two new ones put on, the one on the inside and the other on the outside. He discovered no other marks of violence than what is here stated, except that a piece had been cut out of the door. His possession does not seem to have been disturbed, nor was there the slightest interference with him personally, and if his occupancy was at all interrupted he does not so state. Indeed, there could not have been an interruption thereof for a longer period than it took to remove the locks, since they alone interfered with his ·immediate entrance upon the premises. There was neither violence nor threats of violence; nothing which was calculated to alarm the most timid. The explanation of the matter seems to be that sometime during the night Samuel Thompson and his son Robert had visited the premises and quietly, under a claim of right, had substituted their own locks for that of Dutton. This evidence does not bring the case within the act of 31st of March, 1860, since no entry was made with violence and a strong hand, or other circumstances of terror, and the court below ought so to have instructed the jury. An insignificant trespass such as that above described, which had no public

significance, cannot be made the subject of a criminal prosecution. As was said in Respublica v. Devore, 1 Y. 501, indictments for forcible entry and detainer ought to be discouraged unless there is evident force against the person in actual possession. The judgment is reversed, and it is ordered that the record be remitted to the court below.