## Clark *v.* Forsyth, Appellant.

*Malicious prosecution—False arrest—Summons instead of warrant.*
An action for malicious prosecution cannot be maintained where it is alleged that the plaintiff was arrested on a warrant issued by a justice of the peace, but the record of the justice shows that a summons, and not a warrant was issued on the defendant's information, that the constable returned service of a summons, and that the arrest, if any arrest was made, was made by the constable without the defendant being present, aiding, assisting, or advising it.

Argued April 23, 1913. Appeal, No. 88, April T., 1913, by defendant, from judgment of C. P. Allegheny Co., July T., 1910, No. 23, on verdict for plaintiff in case of William H. Clark v. J. R. Forsyth. Before Rice, P. J., ·Henderson, Morrison, Orlady, Head and Porter, JJ. Reversed.

Trespass for malicious prosecution. Before Evans, J.
The facts are stated in the opinion of the Superior Court.
Verdict and judgment for plaintiff for $300. Defendant appealed.

*Errors assigned* were (1) in admitting record of justice of the peace, and (2) in refusing to enter judgment for defendant n. o. v.

*Henry A. Jones,* for appellant.—An action for false imprisonment cannot be sustained against one who has not been shown to have participated in any arrest of the plaintiff, either, (a) in contemplation of law, or (b) as a matter of fact: Grohmann v. Kirschman, 168 Pa. 189; Magnussen v. Shortt, 200 Pa. 257; Teal v.· Fissel, 28 Fed. Repr. 351; McElhattan v. Kane, 7 Pa. C. C. Rep. 313; Foy v. Barry, 87 N. Y. App. Div. 291.

*E. B. Strassburger*, with him *W. H. Lemon*, for appellee.—A criminal offense was charged: Reel v. Martin, 12 Pa. Superior Ct. 340; Stewart v. Thompson, 51 Pa. 158.

Even if this is not malicious prosecution, plaintiff is protected by the practice act of 1887: Hess v. Heft, 3 Pa. Superior Ct. 582; Grohmann v. Kirschman, 168 Pa. 189; Stine v. Hughes, 16 Pa. C. C. Rep. 545.

OPINION BY MORRISON, J., October 13, 1913:

The plaintiff's declaration is in trespass for a malicious prosecution and the case was tried on that theory and submitted to the jury and a verdict was rendered in favor of plaintiff for $300. At the trial the defendant's learned counsel requested the trial judge, in a written point, to charge, "that under all the evidence the verdict should be for the defendant." This point was refused. After verdict the defendant's counsel regularly moved the court for judgment non obstante veredicto, and, on argument, this motion was refused, an exception granted to the defendant and a bill sealed, and judgment being entered on the verdict, the defendant appealed.

The controlling questions raised by the two assignments of error are: (a) Should the trial judge have given a binding instruction in favor of defendant? (b) Did the court err in refusing judgment for defendant non obstante veredicto?

The defendant, J. R. Forsyth, was a member of the board of school directors of the Mifflin township school district in Allegheny county, and on April 7, 1908, after consultation with a member of the bar of Allegheny county, he went before W. T. Fenton, justice of the peace of said county, and made the following information: "Defendant did refuse to vacate his position as school teacher after being officially notified by the secretary of the school board, which notice was ordered by the directors of Mifflin Township schools.

"Defendant refused to give possession when requested

by said plaintiff, who is the director of said school. The defendant acted disorderly using unruly language, complainant, therefore, prays and desires that a warrant may be issued, and the aforesaid defendant, William H. Clark, may be arrested and made to answer the charge of disorderly conduct."

The plaintiff contends that the justice issued a warrant on this information and that the constable arrested him and took him before the justice and, after a hearing, the justice ordered plaintiff to pay a fine of $1.00 and costs.

We find in the record the following agreement of counsel: "It is agreed by and between counsel for the respective parties that the copy of the record, transcript and docket entries at No. 49, March sessions, 1908, Miscellaneous Docket, of the Court of Quarter Sessions of Allegheny county, Pa., as set forth in appellant's first assignment of error, is true and correct and that the appellant need not print in the appendix an additional copy thereof or a copy of the record at 58, March Sessions, 1908, or Exhibit No. 1 (notice of plaintiff's election as a teacher)." This agreement is signed by the respective counsel in the present case. Now turning to the first assignment of error we find it as follows: "The court below erred in overruling the objection made by defendant's counsel to the offer of evidence by plaintiff's counsel, which offer, objection, and the ruling thereon are as follows: Mr. Lemon: Counsel for plaintiff offers in evidence the record of the court of quarter sessions, No. 49, March Sessions, 1908, together with the transcript and docket entries there found." So much of that record as we have not already quoted is as follows: "Commonwealth of Pennsylvania v. William H. Clark. Transcript from the docket of W. T. Fenton, Justice of the Peace. Summons, Wm. H. Clark, issued April 7, 1908, to G. T. Gillingham, or next constable. Returnable to even date between the hours of ........ And now, April 7, 1908, summons returned on oath. Served a true copy of original summons on William H. Clark at the same time producing the original and informing ........

of the contents thereof, G. T. Gillingham, constable, . . . .
And now, April 8, 1908, 11.00 A. M., principals met and
according to sworn evidence defendant was found guilty,
and ordered to pay a fine of $1.00 and costs of the case.
Later the fine was remitted." This record further shows
that an appeal was taken to the court of quarter sessions
of Allegheny county and that on April 30, 1908, the
justice's judgment was reversed and restitution ordered.

Our purpose in quoting from this assignment, which is
agreed by the counsel to be correct, is to show beyond
controversy that the magistrate did not issue a warrant
for the arrest of the plaintiff, because the record clearly
shows that what he did issue was a summons and that the
sworn return of the constable is that he served a summons
upon the plaintiff. And, therefore, we are unable to find
from the record that the defendant ever procured a war-
rant from the justice which authorized the constable to
arrest the plaintiff. In addition to this, the process which
the justice did issue is not in evidence and neither the
justice nor the constable was called as a witness to pro-
duce said process, or if it could not be produced, to testify
to its contents.

There is some evidence in the record that the constable
did arrest the plaintiff, but there is nothing to show that
he arrested him upon a warrant issued by a justice of the
peace or by anybody else. The inference seems to be
irresistible that if the plaintiff was arrested it was upon a
summons and if that is so, the defendant was not respon-
sible unless he was present, aiding, assisting or advising
such arrest, and we are unable to find in the record any
evidence whatever that the defendant did anything in the
matter except to lodge the complaint we have quoted
with the justice and to appear before that officer and
testify. As we have already said the case was tried and
submitted to the jury as an action for malicious prosecu-
tion. Upon argument of the motion for judgment non
obstante veredicto it was held by the court below as
follows: "Now, although this may not have been a mali-

cious prosecution, because it has been held in Kramer v. Lott, 50 Pa. 495, that when a warrant is issued and a person arrested on an information which does not charge a criminal offense, that that is not a prosecution but a trespass, if anything. Now, let us assume for the purpose of this case, that there was not a prosecution; that if the defendant was liable for damages for anything it was because of a false arrest, a trespass vi et armis.

"While the distinction, so far as the action is concerned, between trespass vi et armis and trespass on the case, is abolished by the act of May 25 1887, R. L. 271 it does not follow that one may declare in case and recover in trespass since that act. But if the plaintiff in his statement of claim sets forth the facts, while he may call it a malicious prosecution, if he prove the facts and recover on the facts as alleged in his statement of claim, then it is not material whether it would be called a malicious prosecution or a false arrest, he is entitled to sustain his verdict, because, since the act of 1887, a plaintiff's statement of claim need only be a concise statement of the facts upon which he claims to recover."

The learned court further states that the plaintiff's statement on its face shows that there was no criminal prosecution; that if the defendant in the proceedings before the justice of the peace was arrested, that arrest was a trespass and not by virtue of a legal prosecution. The learned court also takes the position that there was sufficient evidence notwithstanding the transcript of the justice as returned to the court of quarter sessions, to show, with the issuance of a summons, that a warrant had been issued and the plaintiff in this case arrested by virtue of that warrant.

We do not criticise the position of the court that where the facts are sufficiently stated and the action is called trespass for a malicious prosecution, there might be a recovery for false arrest, a trespass vi et armis. But the difficulty with this position is that we cannot find in the record a scintilla of evidence connecting the defendant

with the arrest of the plaintiff, if he was arrested, by the constable on the process which the justice issued. If that process was simply a summons, then the constable was the only one guilty of trespass vi et armis if he arrested the plaintiff, and as we have already seen, there is no evidence connecting the defendant with that arrest.

As to the position of the court below that there was sufficient evidence to warrant the jury in finding that a warrant had actually been issued, we have to say that we cannot agree with that conclusion. We cannot see how a jury could find that the justice issued a warrant when no warrant was produced and put in evidence and there was no oral proof by the constable or the justice or anybody else that the constable actually had a warrant for the arrest of the plaintiff. On the contrary, the transcript from the justice's docket, and all of the evidence that we can find in the record, tends to show that the constable had a summons only. Our conclusion is that both of the assignments of error must be sustained.

The judgment is reversed and judgment is directed to be entered by the court below against the plaintiff non obstante veredicto.