## Schwatka, Appellant, *v.* Davidson.

*Malicious prosecution—Information insufficient to support a warrant—False pretenses—Criminal law.*

An action for malicious prosecution for arresting the plaintiff for false pretense, cannot be maintained where it appears that the warrant for the arrest was based upon an information which merely averred that plaintiff did on a date named remove painters' supplies from a property described, "the same being property bought by money advanced by me," without any request for a warrant, and without any evidence to show that defendant knew that plaintiff was to be arrested until after the arrest had actually been made.

Argued Nov. 21, 1917.   Appeal, No. 330, Oct. T., 1917, by defendant, from judgment of C. P. Delaware Co., June T., 1916, No. 124, on verdict for plaintiff in case of John M. Schwatka v. H. J. Davidson.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Trespass for malicious prosecution.   Before BROOM-ALL, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*Matthew Randall,* for appellant.—Plaintiff was entitled to have his case submitted to the jury.   To accept the view of the learned trial judge would permit maliciously inclined persons to vent their spite without fear of punishment: Brobst v. Ruff, 100 Pa. 91; Beihofer v. Loeffert, 159 Pa. 365; Auer v. Mauser et al., 6 Pa. Superior Ct. 619.

The contention of the plaintiff, however, is that it is immaterial whether the warrant issued was a proper one in view of the affidavit, as the important question is whether the defendant was the moving factor in putting the law in motion: Burk v. Howley, 179 Pa. 540; Jackson v. Hillerson, 59 Pa. Superior Ct. 508.

No printed brief for appellee.

OPINION BY PORTER, J., October 12, 1918:

The plaintiff brought this action of trespass and filed a statement sounding in trespass on the case, for malicious prosecution. The learned judge of the court below gave binding instructions in favor of the defendant, judgment was entered upon the verdict and the plaintiff appeals.

The statement averred that the defendant had "falsely and maliciously, and without any reasonable or probable cause whatsoever, charged the plaintiff with removing, on December 9, 1915, certain painters' supplies bought by money of the said defendant, and obtained money on false pretense, to wit, the sum of fifty dollars from the said defendant," and upon such charge caused and procured the justice of the peace to issue a warrant for the apprehension of the plaintiff.

The only question is whether the evidence offered at the trial sustained the averments of the statement. The plaintiff offered in evidence the affidavit which the defendant had made before the justice of the peace, who had issued the warrant, the material part of the affidavit was as follows: "John Schwatka......did on December 9, 1915, remove painters' supplies from the property of Clara F. Ludes, Drexel Hill, Delaware County, Pa., the same being the property bought by money advanced by me. Further deponent saith not." This affidavit did not charge the plaintiff with any criminal offense, did not ask for a warrant and the facts stated did not authorize the justice to issue a warrant. It might

possibly have afforded foundation for a summons in trover, but it could not lawfully be made the basis of a criminal prosecution. The warrant upon which it is said the plaintiff was arrested was not offered in evidence and we are ignorant as to its form. An action on the case, for malicious prosecution, could not at common law, have been sustained upon this evidence: Maher v. Ashmead, 30 Pa. 344; Baird v. Householder, 32 Pa. 168; Kramer v. Lott, 50 Pa. 495; Boyd v. Snyder, 207 Pa. 330. While the distinction, so far as the action is concerned, between trespass vi et armis and trespass on the case is abolished by the Act of May 25, 1887, P. L. 271, it does not follow that one may file a statement averring facts which would have given him the right to recover in an action of trespass on the case, and sustain that statement by evidence establishing a different state of facts: Clark v. Forsyth, 55 Pa. Superior Ct. 67. There was no evidence in the case from which a jury should have been permitted to find that this defendant had charged the plaintiff with any criminal offense, or knew that the plaintiff was to be arrested until after the arrest had actually been made. There was a fatal variance between the allegations of the statement and the evidence which the plaintiff introduced in his attempt to support them, and the instruction of the court to find for the defendant was free from error.

The evidence, the rejection of which is made the subject of the second specification of error, would not have sustained the averments of the statement, and that specification of error is overruled. The third, fourth and fifth specifications of error refer to the rulings of the court upon objections to certain questions asked the justice of the peace, by counsel for plaintiff. Those rulings were based entirely upon the form of the questions, which were leading. After the court had made these rulings it distinctly said to counsel for plaintiff: "If there is anything else that you want the witness to say that occurred, other than what he has said, he may

state anything else that occurred." Counsel for the plaintiff did further interrogate the witness, who testified, in substance, that he could not remember anything that the defendant had said other than what appeared in the affidavit.

The judgment is affirmed.