## Commonwealth, Appellant, *v.* Tillia.

*Criminal law—Forcible entry and detainer—Possession—Title —Evidence.*

In the trial of an indictment for forcible entry and detainer the title to the premises is not involved.  It is requisite that the person claiming possession should be in actual and peaceable possession, and where this occupancy has continued for a considerable length of time, it is ordinarily a fact susceptible of easy proof.  It is this possession which the law protects against acts of violence.

Where a prosecutor and his family were quietly possessed of the premises and the defendant with violence and a strong hand broke and entered the premises, or with threats or such show of strength as was calculated to intimidate the occupants of the house, and forcibly took possession thereof, a verdict of guilty will be sustained.

*Evidence—Constructive delivery—Charge of court—Reversible error.*

The mere delivery of a key to the rear door of a house, during the course of negotiations for the exchange of real estate, is not .

such a constructive delivery as would give the legal title to the property against the party having actual possession. Under such circumstances, it was error for the court to instruct the jury that such delivery of the key was a delivery of possession and that the defendant was justified in entering by force, and a verdict of not guilty will be reversed.

Argued December 5, 1919.   Appeal, No. 59, April T., 1920, by Commonwealth, from judgment of Q. S. Lawrence County, on verdict of not guilty in the case of Commonwealth v. William G. Tillia, December Sessions, 1918, No. 50.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Reversed.

Indictment for forcible entry and detainer.   Before EMERY, P. J.

The court charged in part as follows:

The defendant goes upon the witness stand and states that on the 17th of August of this year, three days previous to the date of this alleged entry, that he and his wife and son were upon this farm and there had a talk with Mr. Roberts the owner of it.   That in that conversation and at that time Mr. Roberts turned over the key to one of the doors of this house to the defendant and that he took him through the house showed him the rooms, the condition of the house and how to unlock the various doors.   Defendant contends that he carried that key away with him; that Mr. Roberts gave it to him to keep.   That is in dispute, however, Mr. Roberts saying he did not give a key to Mr. Tillia.   But the defendant contends that he took the key away with him and that he still has the key and has used it; that it locks and unlocks the door of that house.   [The defendant contends that on this day he used in entering that house no more force than was necessary in order to gain admission to it, contending that Mr. Roberts had surrendered possession of the house to him by turning over the key and that Mr. Roberts, if he went back there on the 20th and refused him admission to the house he, Roberts, then be-

came a trespasser and that he, Tillia, had a right to use such force as was necessary to gain possession of the property.

That, in brief, is the contention of the parties. When I say "parties" I mean Mr. Roberts, the principal witness for the Commonwealth, and the defendant, Mr. Tillia. And we say to you in respect to the various contentions, that if you believe from all the evidence in this case, and beyond a reasonable doubt, that Mr. Roberts was in lawful possession of the premises in question on the 20th of August last and that the defendant came to that house and with force and a strong hand gained admission to it—and that means against the protest of Mr. Roberts,—and has retained possession of it since, your verdict then should be guilty in the second count in this indictment which charges forcible entry and detainer. But if you should conclude from all the evidence in this case that Mr. Roberts surrendered possession of the property on the 17th day of August last at the time he tendered the key and gave the key to Mr. Tillia, as Mr. Tillia claims, and that he on the 20th of August had not regained his right to repossess himself of the property and was there as a trespasser without lawful right to the possession of the property, you then would be justified in finding that Mr. Tillia had the right to use such force as was necessary in order to gain admission to the property, and if he used no more force than was necessary to gain possession of the property your verdict then should be not guilty of any of the counts charged in this indictment.]

*Errors assigned,* among others, were (1) the charge of the court; and (4) the answer to defendant's fifth point as quoted in the opinion of the Superior Court.

*Robert K. Aiken* and *J. W. Rhodes,* and with them *George W. Muse,* District Attorney, for appellant, cited: Com. v. Everhart, 57 Pa. Superior Ct. 192; 1 Russell on

Crimes (8th Am. Ed.), 308; Com. v. Johnston, 71 Pa. Superior Ct. 548, 551.

J. Norman Martin and Martin & Martin, for appellee.

OPINION BY HENDERSON, J., February 28, 1920:

The defendant was indicted for forcible entry and detainer. The prosecutor had been the owner of a farm in North Beaver Township, Lawrence County, and was there in the dwelling house with his wife and daughter on the 20th of August, 1917, when the defendant appeared on the premises with two of his sons who were young men and the driver of a truck, and demanded possession of the house. The doors were locked and possession denied by the occupants, whereupon the defendant, after trying to open one of the doors, procured a hammer and a screw driver and with the assistance of one of his sons burst open the door and took possession of the house and proceeded to remove some furniture which the prosecutor had there. The defendant up to that day had been living in Ellwood City and moved his furniture on the dray with the intention of occupying the house. The prosecutor was excluded from the building and thereupon proceeded to a railroad station some distance away and went to a dwelling house he had in New Castle. There was no controversy as to the fact that the prosecutor and his family had actual possession of the premises and it was admitted by the defendant that the door was broken open in the attempt to get in. It is also in evidence and not disputed that the defendant was notified some time before the 20th of August that he could not have possession of the premises. It appeared during the progress of the trial that the defendant and his wife had been at the farm to inspect the property on the 14th of August, and according to the defendant's statement when they started to go home the prosecutor called to him and said: "Don't you want the key?" To which the defendant replied: "Yes, I forgot

it." Whereupon the prosecutor gave him a key and showed him how to unlock the doors and said to him that he could move any time. The defendant went away and did not return until the day when the entry was made. The Commonwealth complains that the case was submitted by the court on the theory of a constructive occupancy by the defendant, and that the jury was misled as to the issue involved under the pleadings and evidence. The defendant's fifth point and the answer thereto presents the view taken by the court in instructing the jury. The point is as follows: "At common law the delivery of a key of a house to a purchaser and the taking of such person into the house after delivering the key to him and opening the doors thereof, constitutes a delivery of possession, and if William G. Tillia received possession in this manner, then a subsequent entry by Edward E. Roberts into the house and locking the door was on his part a trespass, and William G. Tillia having the lawful possession had the right to assert and maintain that possession, even to the extent of breaking open the door of the house." This point was affirmed. It appeared incidentally in the case that prior to the 20th of August there had been an agreement between the prosecutor and the defendant for the exchange of the farm for property of the defendant, but the conveyances had not been made and we are not informed as to the terms of the agreement as the court properly excluded evidence of title in the defendant. The instruction in the charge and the answer to the defendant's points proceeded on the assumption that there had been a formal delivery of the key as an evidence of proprietorship which was intended to invest the defendant with the occupancy of the premises, but this is not supported by the testimony in the case if it were a matter material to the defense. All that took place on the defendant's own statement is that when he was leaving the farm on the 14th of August the prosecutor called to him and asked him if he didn't want the key; at which time he

got from the prosecutor a key to a back door of the house. That transaction had no sort of legal significance as giving possession to the defendant in the light of the statute forbidding a forcible entry. The defendant did not take possession; he immediately went to his home at Ellwood City and remained there nearly a week. He had never theretofore been in possession of the premises, and as against the actual occupancy of the prosecutor who had the legal title to the place, such a theoretical or constructive possession is of no avail whatever. The legislation against forcible entry and detainer is a peace statute. It is intended to prevent the violent occupancy of real estate as an incitement to riots and assaults and breaches of the peace. The title to the premises is not involved in such a controversy. We have at the present time no question as to the forcible detainer, and the estate necessary to a judgment of restitution is not involved. It is requisite that the person claiming possession should be in actual and peaceable possession, and where this occupancy has continued for a considerable length of time, it is ordinarily a fact susceptible of easy proof. It is this possession which the law protects against acts of violence and the exercise of a strong hand: Taylor v. Cole, 3 T. R. 292; Rex v. Wilson, 8 T. R. 357; 1 Russell on Crimes, 308 and 309 (8th American Ed.) ; 2 Bishop's Criminal Law, Section 495; 2 Wharton Criminal Law (9th edition), Section 1104; Commonwealth v. Everhart, 57 Pa. Superior Ct. 192; Commonwealth v. Randall, 63 Pa. Superior Ct. 238; People v. Reid, 11 Wend. 157. At common law and under the English statute and our statute the breaking and entering of a dwelling house is forbidden. Where this is done with violence and a strong hand or with such a show of force and threats as were calculated to intimidate, the facts support a conviction. If the proceeding were a civil action between the parties for the recovery of the property, a different question would arise, but we now have to do with the public question involved and the

law forbidding the recovery even of one's own property by such threats or acts of violence as are provocative of a breach of the peace. The instruction of the court in the general charge with reference to possession by the defendant as contained in the first assignment and in the answers to the defendant's points diverted the attention of the jury from the real issue and must have given a misleading impression as to the inquiry to be made.

The second point seems to state the position of the defendant to be that the jury might find that the delivery of a key would constitute a delivery of the property, and that such being the case, the defendant might enter by force to retake possession. The cases are not infrequent where persons having the right were held to be subject to the penalties of the statute for asserting such right by violence and a strong hand, and the law is particularly careful of the security of a dwelling house. The question for consideration at the trial was the actual occupancy of the premises and the conduct of the defendant at the time the entry was made. If the prosecutor and his family were quietly possessed of the premises when the defendant arrived on the 20th of August and the latter with violence and a strong hand broke and entered the premises, or with threats or such show of strength as was calculated to intimidate the occupants of the house forcibly took possession thereof, a verdict of guilty could be supported.

The first, third, fourth, sixth, seventh and eighth assignments of error are sustained. The judgment is reversed with a venire facias.