## Fendall, Appellant, v. Eckert.

*Trespass—Statement of claim—Malicious prosecution—False arrest—Defects in information and warrant—Husband and wife.*

In trespass for malicious prosecution and for unlawful arrest and false imprisonment brought against husband and wife and another, the wife is liable with her husband where the evidence shows that she acted independently.

The Practice Act of 1887, P. L. 271, abolished the distinction in pleading theretofore existing between actions for malicious prosecution and actions for unlawful arrest and false imprisonment.

In construing a statement of claim in such action, it is immaterial by what name the plaintiff designates the wrong; if the statement alleges and he proves facts showing that such wrong has been committed, a recovery will be allowed on the facts alleged and proved regardless of the name applied by the plaintiff.

In the trial of such action, the complaint made to the justice of the peace will not be technically scrutinized; it is sufficient if it reasonably appear that a crime was charged and that an indictment was subsequently drawn charging the crime obviously intended in the complaint, and that a trial was had on the indictment. Nor will the sufficiency of the warrant be inquired into in the civil action.

Argued November 10, 1926. Appeal No. 191, October T., 1926, by defendant from judgment of C. P. No. 3, Philadelphia County, March T., 1925, No. 1172, in the case of Claude W. M. Fendall v. Joseph Eckert et al. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Reversed.

Trespass for malicious prosecution. Before FERGUSON, J.

The facts are stated in the opinion of the Superior Court.

Verdict for the plaintiff in the sum of $600. Subsequently Court on motion, entered the judgment in favor of defendant non obstante veredicto. Plaintiff appealed.

*Error assigned* was the judgment of the Court.

*Maxwell Pestcoe,* for appellant.

*John G. Kaufman,* and with him *Albert T. Bauerle,* for appellee.

OPINION BY LINN, J., March 3, 1927:

This was an action of trespass. Plaintiff had a verdict against the three defendants. Their motion for judgment n. o. v. was granted for two reasons: (1) that the wrong to be redressed was malicious prosecution and that neither the affidavit on which the warrant was obtained nor the warrant itself charged a crime; (2) that there was a variance between the proofs and the allegations.

The parties refer to the action as one for malicious prosecution. But the statement of claim, while sufficient as a declaration in trespass on the case for malicious prosecution prior to the Practice Act of 1887, also sufficiently charges trespass vi et armis for false arrest and imprisonment. It avers that defendants pursuant to a warrant obtained by them, unlawfully &c., caused "said plaintiff to be arrested by a constable and to be deprived of his liberty until he" was afterwards released on bail; that he was subsequently tried and acquitted. In Hess v. Heft, 3 Pa. Superior Ct. 582, we said: "It is not material whether the injury set forth in this action was a malicious prosecution or a false imprisonment. In practice, the distinction between these torts has related to the form of the action, and this distinction is abolished by the procedure Act of 1887." Section 2 of the Act of 1887, P. L. 271, provides that "all damages, heretofore recoverable in trespass, trover or trespass on the case, shall hereafter be sued for and recovered in one form of action, to be called an 'action of trespass.'" In Clark v. Forsyth, 55 Pa. Superior Ct. 67, we said: "While the distinction, so far as the action is concerned, between trespass vi et armis and trespass on the case, is abolished by the Act of May 25, 1887, P. L.

271, it does not follow that one may declare in case and recover in trespass since that act. But if the plaintiff in his statement of claim sets forth the facts, while he may call it a malicious prosecution, if he prove the facts and recover on the facts as alleged in his statement of claim, then it is not material whether it would be called a malicious prosecution or a false arrest, he is entitled to sustain his verdict, because, since the Act of 1887, a plaintiff's statement of claim need only be a concise statement of the facts upon which he claims to recover." See also Schwatka v. Davidson, 70 Pa. Superior Ct. 362, 364; 11 R. C. L. p. 791, par. 3.

Considering, then, the substance of the case presented in the record, we have plaintiff charging a wrongful act committed by the defendants, with resulting damage. The affidavit of defense, as well as the evidence offered in defense, shows that the nature of the wrong alleged as the basis of the action, was clearly understood. The jury may have found the following facts (and only the evidence supporting the verdict is now to be considered) : Harry Eckert (one of defendants) had sold or had agreed to sell the property 1711 North 21st Street to the appellant and had given him, the key to enter prior to the date for settlement fixed in their agreement of sale. On or about January 17, 1924, the plaintiff moved into the house; he also installed a tenant in the 3rd floor. Either because the terms of settlement were not carried out, or for other reasons not now appearing, Harry Eckert wished to regain possession. On February 15, 1924, Rose Eckert, who was the wife of Harry Eckert, and Joseph Eckert, their son, accompanied by a detective, went to the premises, obtained entrance and demanded that appellant surrender possession. At that time appellant's brother Lorenzo Fendall, was also in the house and both he and appellant declined to leave at the request of Joseph and Rose Eckert and the dectec-

tive. This detective, on behalf of defendants, then consulted counsel. The attorney, so consulted, testified, "I told Stahl [the detective] it was trespassing, and it looked to me as a conspiracy between the brothers [the two Fendalls] to take possession of the property." He advised the detective "to get a warrant"; he added, "I recall I told Mr. Stahl even after he had the warrants, to make known the fact to Mr. Fendall that he would give him another opportunity to get out of the property before he served them." Joseph Eckert and the detective then went to a magistrate's office where Joseph Eckert swore to the complaint in question and obtained the warrant on which appellant was arrested. While Mrs. Eckert testified that she did not authorize the arrest and knew nothing about it until after it was made, there is testimony by a witness whom the jury may have believed, who testified that on the date of the occurrence Mrs. Eckert said to the witness, "Fendall has gone in my house and I am going to have him arrested"; "I have had him arrested and have him locked up." Mrs. Eckert, in describing her participation in the occurrences in the house said, "I ordered the two brothers out of the house." Harry Eckert, the third defendant, was at home sick in bed at the time, but in response to an inquiry, "You got your son to swear to the affidavit for the warrant?" answered, "yes, sir."

Defendants' position is that neither the affidavit nor the warrant charged a crime, that there had been no valid process to support the arrest, and that they could not be charged with malicious prosecution if there was no legal basis for the prosecution instituted by them. What then was the complaint stated in the affidavit? In it Joseph Eckert charged that Clauda Fendall, "did commit conspiracy by arranging to have one Lorenzo Fendall to occupy the premises located at 1711 North 21st Street to which he [Clauda Fendall] had

no right, contrary to the Act of Assembly......&c.''
On that complaint the magistrate issued his warrant
for the arrest of plaintiff ''to answer the Common-
wealth of a charge founded on the oath of Joseph
Eckert ......., charged with conspiracy and trespass-
ing against the peace and dignity of the Commonwealth
of Pennsylvania ......''　After a hearing by the
magistrate, appellant was held in $1500 bail for ap-
pearance, etc.　The magistrate's record was returned
and two bills of indictment were found against plain-
tiff, one charging him ''together with Lorenzo Fendall
and divers other evilly disposed persons'' with con-
spiracy to commit forcible entry and detainer of the
house in question.　On that and another bill he was
tried and acquitted by direction of the court.

The affidavit does not charge the conspiracy in tech-
nical language; but that is not the test.　In consider-
ing an indefinite or inexact complaint made to a justice
of the peace, which came up in an action like that
before us, the Supreme Court said in Neall v. Hart,
115 Pa. 347, 355: ''A justice of the peace is not to be
presumed to be learned in legal technicalities, hence,
if the information set out a cheat of any kind, it was
sufficient on which to ground a warrant.　But that in-
formation alleged that 'James E. Neall by misrepre-
sentation and trickery has defrauded me in the sale of
curbing, and has appropriated the same to his own
use.'　This charge, as here set forth, is not very
definite, forasmuch as it is difficult to say whether it
was intended to charge embezzlement, or obtaining
goods on false pretenses, but, that a cheat of some kind
is thereby charged, no one, we think, will deny, and,
if so, it was sufficient to warrant the justice's action,
and it was the business of the prosecuting officer, when
the case reached his hands, to determine what should
be the character of the indictment.''　That affidavit
was perhaps less informing legally than the one in this

record. Of course, conspiracy requires the conduct of two or more, but the affidavit charged that appellant "did commit conspiracy by arranging to have one Lorenzo Fendall to occupy the premises......to which he has no right." As the gist of conspiracy is the "fact of confederating," the affidavit in an untechnical way charges that appellant and Lorenzo Fendall confederated to place and maintain the latter in the occupation of the premises which Lorenzo Fendall had no right to occupy. And as "it was the business of the prosecuting officer, when the case reached his hands, to determine what should be the character of the indictment," we notice that the district attorney drew indictments charging appellant and Lorenzo Fendall with conspiracy to commit forcible entry and detainer. Was it not for this "conspiracy between the brothers to take possession of the property" that defendant's attorney testified he advised arrest? The warrant charging "conspiracy and trespassing" does not state a crime, but the warrant was only one of the elements in the prosecution, and as appellant went to trial in the Quarter Sessions on the merits, that defect in the warrant which he passed over became a thing of the past (Commonwealth v. Schoen, 25 Pa. Superior Ct. 211) and will not enable defendants to avoid the consequences of their prosecution for the crime charged in the affidavit in the circumstances shown.

Though we consider it without merit for the reason stated, still if we should concede appellees' contention that no crime was charged against appellant, and that therefore trespass on the case for malicious prosecution could not have been maintained prior to 1887 (Kramer v. Lott, 50 Pa. 495) the unlawful arrest and the resulting false imprisonment alleged, constitute a wrong now redressable in trespass.

In either view of the character of the trespass, the contention that there was a variance between the plead-

ing and the proof is without support; that contention rests on the assertion that plaintiff proved that he was indicted and acquitted of having conspired with others to commit forcible entry and detainer, which, it is said, was not charged in the information or stated in the warrant; we have already stated why we conclude that the conspiracy was sufficiently charged for the purpose of obtaining the warrant, but on the conditional assumption that it was not, appellees' contention fails because plaintiff was entitled on the pleadings in this suit to show not only the false arrest and the false imprisonment alleged, but the fact of indictment and trial naturally and immediately flowing from that arrest whether based on a lawfully stated complaint or not.

Counsel for appellees also contends that in no event can the three defendants be held responsible, on the ground, first, that neither Rose Eckert nor her husband, Harry Eckert, authorized or had anything to do with causing the arrest; and second, that Rose Eckert could not become a conspirator with her husband. The first objection fails because the jury may have believed the witness who testified that Rose Eckert stated to her that she was having Fendall arrested, and doubtless accepted Harry Eckert's own statement that he "got [his] son to swear to the affidavit for the warrant." If that evidence was accepted by the jury, and we must so interpret the verdict, both were participants in obtaining the arrest. As to the second objection, it is sufficient to say that this is not a prosecution for conspiracy but a civil action to redress a wrong, and that there is nothing to support the presumption that the wife was coerced by her husband; the evidence is that she acted independently: Hess v. Heft, supra.

Judgment reversed and record remitted for the entry of judgment for the plaintiff on the verdict.