## Commonwealth of Pennsylvania v. Leibowitz, Appellant.

480

Argued September 28, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*Milton Selibowitz,* and with him *Henry W. Balka,* for appellant.

*W. Curtis Bok,* Assistant District Attorney, and with him *John Monaghan,* District Attorney, for appellee.

Opinion by Baldrige, J., November 20, 1931:

This is an appeal from a conviction of forcible entry and detainer.

The tenant was engaged in the poultry business and had been occupying premises owned by the defendant

as a monthly tenant under an oral lease. On June 27, 1930, the tenant closed his place of business, moved his property, with the exception of a counter and some empty chicken coops or crates, from the storeroom to other premises nearby that he had rented. He testified that he desired to retain possession of the old store and that he offered to pay the monthly rental, which was due in advance on the fifth of each month, but the defendant refused to accept it and requested the key for the premises, and stated, "I will get in the store just the same if you won't give me the key." There was testimony upon the part of the Commonwealth that at about noon "a locksmith broke the door," but no definite details were given respecting that action. The entrance to the store was shown by the defendant to have been made by picking the lock, which was taken out and the combination changed. The defendant stated that the tenant had not offered to pay the rent, but had given notice on June 12th that he would vacate the premises on July 5th.

The Act of March 31, 1860, P. L. 382, Sec. 21, provides: "If any person shall with violence and a strong hand, enter upon or into any lands or buildings, either by breaking open doors, windows or other parts of a house, or by any kind of violence or any circumstances of terror, or if any person after entering peaceably, shall turn out by force or by threats, or menacing conduct, the party in possession, every person so offending shall be guilty," etc. Since the decision in the case of Penna. v. Robison, 1 Addison 14, the courts have ruled that the force used must be "at least such acts of violence, or such threats, menaces, signs or gestures as may give ground to apprehend personal injury or danger in standing in defense of the possession." Actual violence need not be proven, but there must be such conduct as is calculated to alarm the most timid: Thompson v. Com., 116 Pa. 155; Com. v. Randall, 63 Pa. Superior Ct. 238. The defendant was claiming

the custody of the premises, but he was not physically present therein, as was the case in Com. v. Tillia, 73 Pa. Superior Ct. 376, where the defendant with his sons, by using a hammer and screwdriver, opened the door of an occupied dwelling; or as in Com. v. Everhart, 57 Pa. Superior Ct. 192. In the case at hand, there was an absence of violence of an alarming character, or other circumstances to cause terror necessary to bring the defendant's conduct within the statute.

It must be borne in mind that we are dealing with a law forbidding threats or acts of violence provoking a breach of the peace. Its primary object is avoidance of a public disturbance. True, the tenant testified that the defendant "chased me out of the store," but how or in what manner he evicted him is not disclosed, other than the defendant stated, "You better get out of here." That was not such a threat, nor was it evidence of conduct of a violent character as to intimidate the tenant. We find no further evidence to indicate anything tending to disturb the public peace other than a private dispute, unaccompanied by the use of a strong arm, or by threats, giving grounds for apprehension of personal injury. If there was a trespass when the tenant had the right of possession, it was of an insignificant character and may be redressed by a civil proceeding. The evidence was insufficient to support the conviction of the defendant.

Judgment is reversed and defendant is discharged from his recognizance.