## Commonwealth v. Bauer

D. J. *McLaughlin*, district attorney, for Commonwealth.

*Thomas E. Doyle*, for defendant.

EVANS, P. J., January 8, 1948.—This matter is before the court under stipulation of the District Attorney of Erie County and defendant and his attorney for trial without a jury. The facts are also stipulated. In accordance with said stipulation, we make the following

*Findings of fact*

1. Rudolph Bauer, defendant, and his wife, Joan Bauer, are owners of 2819 Wayne Street, a two-family flat, in the City of Erie, and have been since prior to September 1, 1945. As such they have occupied the first floor apartment for some period prior to that date and up to the present.

2. Defendant landlord and his wife rented the second-floor apartment of said premises to Walter Brocklebank and his wife, Bernice Brocklebank, on September 1, 1945. The lease was oral and for a period of seven months.

3. In February 1946 the landlords obtained, from the Office of Price Administration, a certificate relating to eviction, effective February 28, 1946, and in the following April instituted aldermanic proceedings for eviction.

4. Judgment in eviction was rendered in favor of the landlords but was set aside by the court of common pleas on certiorari because of insufficient aldermanic record.

5. Proceedings were again instituted in November 1946 and an aldermanic order of eviction was entered on November 8, 1946. The tenants secured an order of certiorari of the alderman's records from the court of common pleas and also a stay of execution.

6. Several times during the course of the tenants' occupancy the landlords had them arrested for disorderly conduct and nuisance on the premises.

7. On February 12, 1947, when all of the tenants were absent from the second-floor premises at 2819 Wayne Street, defendant landlord gained entrance thereto by a pass key and with the aid of employes removed the tenants' personal property and goods to the curb in front of the house. The tenants were not present at any time during the removal of their goods but upon their return they found the doors and windows of the premises locked and barred.

### Discussion

The only question for consideration here is as to whether or not defendant's conduct violated section 403 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4403, which provides:

"Whoever, with violence and a strong hand, or circumstances of terror, enters upon or into any lands or buildings, or after entering peaceably, turns out by force or by threats, or menacing conduct, the party in possession, is guilty of a forcible entry, . . ."

This is substantially a reënactment of section 21 of the Criminal Code of March 31, 1860, P. L. 382. Similar legislation has existed from an early period in English history. An exhaustive discussion of the reasons therefor and a review of a large number of

cases is found in Commonwealth v. Everhart, 57 Pa. Superior Ct. 192. The law as there pointed out, provides that the owner of premises can exercise his common-law right to occupancy of his land upon one who refuses to vacate the same, if he can do so without committing a breach of the peace. A mere trespass is insufficient to support an indictment for forcible entry, but there must be proof of only such force, or at least such a show of force, as is calculated to prevent resistance.

At the time of argument, counsel indicated their conclusions that Commonwealth v. Everhart, supra, and Commonwealth v. Leibowitz, 103 Pa. Superior Ct. 479, are inconsistent in their conclusions, but we are unable to so determine. In the Everhart case defendant used no more force than was necessary to remove his tenant's goods and offered no violence or threats to the occupant or any member of his family. Nevertheless, he entered the premises by removing a locked window and, with the assistance of several men, placed the tenant's personal property on the street. The tenant's wife and children were in the premises, and there certainly was such a showing of force as was calculated to prevent resistance. In the Liebowitz case defendant gained entrance to his property when no one was present and removed the tenant's goods therefrom. The court held that the primary object of the Act of 1860, supra, was the avoidance of public disturbance and that in order to bring defendant's conduct within the provisions of that statute there must be violence of an alarming character or circumstances to cause terror, or at least such conduct as is calculated to alarm the most timid.

From the stipulation filed, it must be noted that, with the approval of the OPA, this defendant, since February 1946, had repeatedly attempted to secure the tenant's removal by legal action, but for various

technical reasons his efforts had been successfully resisted for a full year. Defendant and his family were absent at the time of entry and there was no likelihood or even possibility of public disturbance unless the tenant himself, on his return, would have created it.

In our opinion the evidence here is insufficient for us to find defendant guilty beyond a reasonable doubt.

### Conclusions of law

1. Defendant is not guilty of the offense charged.

### Verdict

2. The costs should be paid by the County of Erie.

And now, to wit, January 8, 1948, we find defendant not guilty; the county shall pay the costs.