## Commonwealth v. Young

*Albert Foster*, District Attorney, for Commonwealth.
*John Jordan* and *Jno. P. Sipes*, for defendant.

SHEELY, P. J., August 4, 1948.—The facts of this case, briefly stated, are that prosecutor sold a building to defendant but retained certain rooms for himself and his family until his new dwelling was completed. There was a dispute as to the length of time he was to occupy those rooms. The dwelling was completed to the point that prosecutor had moved most of his furniture into it and was actually living there except that he had left some furniture in defendant's rooms and returned to them from time to time. Defendant asked him on several occasions to vacate and prosecutor refused.

Prosecutor testified that on Sunday, prior to November 18th, defendant told him that if he did not get out of the house by tomorrow he was going to throw him out. Defendant denied making this statement. On

November 18th (Tuesday) defendant, accompanied by two men, entered the apartment through an unlocked door while prosecutor was taking a bath. Prosecutor's account of what occurred is that when he came out of the bathroom he saw defendant and the other two men and asked what was going on.

"Mr. Young said: 'We are moving you out. Where do you want your stuff put?' I said: 'I don't want it any place. I have no place to put it. If you put it out you are putting it out on your own accord.' Mr. Young said: 'We are setting it out.' And he proceeded to set it out and I proceeded to go for the police."

After defendant had removed several pieces of furniture the wife of prosecutor appeared and objected to the removal of the furniture and defendant and his men left the premises. Prosecutor then caused defendant to be arrested on a charge of forcible entry and he was found guilty by a jury.

The question before the court is whether the facts are sufficient to constitute the crime of forcible entry. Section 403 of the Act of June 24, 1939, P. L. 872, 18 PS §4403, provides that:

"Whoever, with violence and a strong hand, or circumstances of terror, enters upon or into any lands or buildings, or after entering peaceably, turns out by force or by threats, or menacing conduct, the party in possession, is guilty of a forcible entry."

In Commonwealth v. Leibowitz, 103 Pa. Superior Ct. 479 (1931) it was held that since the decision in the case of Pennsylvania v. Robison, 1 Addison 14, the courts have ruled that the force used must be " 'at least such acts of violence, or such threats, menaces, signs or gestures as may give ground to apprehend personal injury or danger in standing in defense of the possession'." Actual violence need not be proven, but there must be such conduct as is calculated to alarm the most timid: Thompson v. The Commonwealth, 116 Pa. 155; Commonwealth v. Randall, 63 Pa. Superior Ct. 238.

In the present case there were no acts of violence done and there is no evidence of any threats of bodily harm or any menace, signs, or gestures made by defendant or either of the men with him. The most that can be said is that there was an implied threat of violence arising from the statement on Sunday that defendant would throw out prosecutor and the appearance of defendant on Tuesday with two men for the purpose of moving out the furniture.

A show of force has been considered as a menace or a threat sufficient to sustain the charge. In Commonwealth v. Tillia, 73 Pa. Superior Ct. 376, 382 (1920) the court said:

"If . . . the latter with violence and a strong hand broke and entered the premises, or with threats *or such show of strength* as was calculated to intimidate the occupants of the house forcibly took possession thereof, a verdict of guilty could be supported."

In that case defendant went to the house with his two sons and a truck driver and demanded possession of the house. But, upon refusal of the occupants to give up possession, he broke open a door, which act, in itself, would have supported the charge. In 22 Am. Jur. 929, §30, it is said:

"Such demonstration of force may be by multitude or by weapons; and in this aspect, following the analogy as to riots, three persons have been held enough to support the averment of a multitude. If the demonstration of force is such as to create a reasonable apprehension that the party in possession must yield to avoid a breach of the peace, it is sufficient. It is not necessary that the party be actually put in fear. There need only be such a number of persons or show of force as is calculated to deter the person in possession from undertaking to send them away or to retain his possession."

We have found no Pennsylvania case, and none has been cited to us, where a charge has been sustained merely by the appearance of defendant accompanied

by two persons. Undoubtedly, under some circumstances, such a show of force would .be sufficient to create a reasonable apprehension that the party in possession must yield to avoid a breach of the peace. This result, however, must necessarily depend upon all of the surrounding circumstances, and it must appear that the show of force was calculated to alarm the occupants. The purpose of the statute is to avoid a public disturbance and that which is forbidden is threats or acts of violence provoking a breach of the peace: Commonwealth v. Leibowitz, 103 Pa. Superior Ct. 479, 482 (1931). "Proceedings, under these acts . . . should be discouraged, unless the party charged has been guilty of an evident force": Respublica v. Devore, 1 Yeates, 501 (1795). "An insignificant trespass . . . which had no public significance, cannot be made the subject of a criminal prosecution": Thompson v. The Commonwealth, 116 Pa. 155 (1887). There is nothing in the testimony to show that defendant made any reference to the men with him or that the fact of the men being with him was displayed in such manner as to constitute a threat of bodily harm to prosecutor if he did not yield. The Commonwealth points out that the two men were large of stature, but so was prosecutor, who was a coal miner. The most that appears is that the two men stood by during the conversation between defendant and prosecutor and that no reference was made to them. That the use of force was not intended is clearly shown by the fact that defendant and his helpers left the premises subsequently at the request of the prosecutor's wife, who unquestionably was not alarmed by their presence.

Under all the circumstances the facts are insufficient to support the charge. We cannot arrest the judgment (Commonwealth v. Heller, 147 Pa. Superior Ct. 68 (1942)), and must grant a new trial.

And now, August 4, 1948, defendant's motion in arrest of judgment is overruled and a new trial is granted.